# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2022

Lyle W. Cayce
Clerk

No. 20-60788
Summary Calendar

Manuel Arizmendi Hermosillo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 181 263

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Manuel Arizmendi Hermosillo, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the decision of the immigration judge (IJ). The BIA concluded that Arizmendi Hermosillo had failed to brief, and thus

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

had waived, a challenge to the IJ's determination that a prior conviction constituted a particularly serious crime, which rendered him ineligible for withholding of removal. The BIA affirmed the IJ's conclusion that, although Arizmendi Hermosillo was eligible for deferral of removal under the Convention Against Torture (CAT), he had not shown that it was more likely than not he would be tortured if he was returned to Mexico. Finally, the BIA rejected Arizmendi Hermosillo's argument that his hearing was unfair and denied him due process.

A petitioner abandons an issue by failing to challenge or brief an agency ruling. *See Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007). As the Government argues, Arizmendi Hermosillo abandoned any claims regarding the determinations of his eligibility for asylum, whether his prior offenses were particularly serious crimes, and his eligibility for withholding of removal. Even if he had briefed those issues, because he failed to exhaust them before the BIA, we would lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). Finally, although Arizmendi Hermosillo exhausted a challenge to the IJ's conclusion that he failed to show he should receive deferral of removal under the CAT, he has abandoned this issue by failing to address it in his appellate brief. *See Zhu*, 493 F.3d at 593 n.10.

Arizmendi Hermosillo's brief also argues that his hearing before the IJ was unfair and denied him due process. Aliens in removal proceedings are protected under the Fifth Amendment's Due Process Clause. *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). Due process requires that an alien be given notice of the charges against him, a hearing, and a fair opportunity to be heard. *Id.* To prevail on a due-process claim, an alien must make an initial showing of substantial prejudice by demonstrating that the alleged error affected the outcome of the proceedings. *Id.*

No. 20-60788

Although Arizmendi Hermosillo argues that his hearing was not fair, the record reflects that he received a fair opportunity to be heard. Arizmendi Hermosillo testified in support of his claims, the IJ accepted and considered his submitted evidence, and the IJ found his testimony to be credible. In addition, after explaining the decision at the end of the hearing, the IJ allowed Arizmendi Hermosillo several minutes to present his response. Because the record reflects that Arizmendi Hermosillo received notice of his charges, a hearing, and a fair opportunity to be heard, and because he has not identified how any alleged errors by the IJ resulted in substantial prejudice, he has failed to demonstrate that his due process rights were violated. *See Okpala*, 908 F.3d at 971.

The petition for review is DENIED.